**WO**                                                                                    SVK

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lee McCuin, | No. CV 06-2663-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Richard Lee McCuin, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim. The Court gave Plaintiff leave to file an amended complaint. On December 12, 2006, Plaintiff filed a First Amended Complaint (Doc. #5). The Court will dismiss the First Amended Complaint with leave to amend.

Plaintiff also filed a Motion for Evidentiary Hearing (Doc. #6) to submit evidence marked as exhibits in the First Amended Complaint. The Court will deny the Motion.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

JDDL-K

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, with leave to amend because the First Amended Complaint may possibly be saved by amendment.

## II.   First Amended Complaint

Plaintiff names the following Defendants: Maricopa County, Maricopa County Sheriff's Office, Deputy Detective Mark Gurule, and Lieutenant Wilder, A 3872.  The First Amended Complaint contains four counts.  In Count I, Plaintiff alleges a violation of the Fourteenth Amendment right to equal protection.  In Count II, Plaintiff alleges a violation of the Fourth Amendment right to be free from unreasonable searches and seizures.  In Count III, Plaintiff also alleges a violation of the Fourth Amendment right to be free from unreasonable searches and seizures.  In Count IV, Plaintiff alleges denial of access to the court.

For relief, Plaintiff seeks damages and injunctive relief.

## III.   Improper Defendant

The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant to § 1983.  Therefore, the Maricopa County Sheriff's Office will be dismissed.

1  **IV.    Failure to State a Claim**

2      **A.    Violation of Rule 8**

3          The First Amended Complaint fails to comply with Rule 8 of the Federal Rules of

4  Civil Procedure and Rule 3.4 of the Local Rules of Civil Procedure.  Rule 8(a) requires a

5  "short and plain statement of the claim."  Fed. R. Civ. P. 8(a).  The Local Rules require that

6  complaints by inmates must be written "on forms approved by the Court and in accordance

7  with the instructions provided with the forms."  LRCiv 3.4.  The court-approved form and

8  instructions, which were provided to Plaintiff, specifically require that a plaintiff raise only

9  one claim per count.

10         Moreover, although *pro se* pleadings are liberally construed, Haines v. Kerner, 404

11  U.S. 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey

12  v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes

13  v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil

14  rights complaint may not supply essential elements of the claim that were not initially pled.

15  Ivey, 673 F.2d at 268.

16         Here, Plaintiff has raised numerous claims in several counts.  For example, Count I,

17  which is six pages long, purports to be a claim regarding equal protection.  In it, Plaintiff

18  complains that Defendant Gurule made false accusations against him in court, someone

19  opened his legal mail, and there was abusive treatment during the grievance process.  Count

20  II includes allegations about opening legal mail, but it is unclear if these allegations describe

21  incidents that are different from those discussed in Count I.  In Count III, Plaintiff alleges

22  seizure of legal papers.  In Count IV, Plaintiff alleges denial of access to the court and false

23  information provided by Defendant Gurule, resulting in the harms alleged in Counts I, II, and

24  III.  All of the counts are unnecessarily long because they are filled with rhetoric and vague

25  and conclusory allegations.

26         The allegations are not short, plain statements of the claims. Not only does the First

27  Amended Complaint not give the Defendants adequate notice of what they must defend

28

1  against, but, in its present form, it cannot be reviewed in any meaningful way by this Court

2  as required by 28 U.S.C. § 1915A(a).  Accordingly, the claims will be dismissed.

3         **B.     Failure to Link Defendants to Harm**

4         As the Court stated in its previous Order, to state a valid claim under § 1983, plaintiffs

5  must allege that they suffered a specific injury as a result of specific conduct of a defendant

6  and show an affirmative link between the injury and the conduct of that defendant.  Rizzo

7  v. Goode, 423 U.S. 362, 371-72, 377 (1976).  In addition, although "a municipality can be

8  sued under § 1983, . . . it cannot be held liable unless a municipal policy or custom caused

9  the constitutional injury." Leatherman v. Tarrant County Narcotics Intelligence and

10  Coordination Unit, 507 U.S. 163, 166 (1993).

11         Here, it is difficult to read the counts because they are long, filled with rhetoric, and

12  raise multiple claims.   However, it does not appear that Plaintiff has, for the most part,

13  linked a specific Defendant to the conduct alleged.  For example, it is not clear in Count I

14  who allegedly opened the legal mail.  Moreover, it does appear that Plaintiff alleges that any

15  Defendant acted in conformance with a specific policy or custom of Maricopa County.

16         **C.     Claims Barred by Heck v. Humphrey**

17         In several counts, Plaintiff complains that he is in jail because of allegedly false

18  statements made by Defendant Gurule.  Because the counts contain multiple claims, it is

19  difficult to determine if Plaintiff intends to raise a claim against Defendant Gurule for this

20  conduct.  However, Plaintiff is advised that a prisoner's claim for damages is not cognizable

21  under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the

22  invalidity of his conviction or sentence" unless the prisoner demonstrates that the conviction

23  or sentence has previously been reversed, expunged, or otherwise invalidated.  Heck v.

24  Humphrey, 512 U.S. 477, 486 (1994).

25         The Ninth Circuit has held that the concerns in Heck apply pre-conviction as well as

26  post-conviction.  Harvey v. Waldron, 210 F.3d 1008, 1014-15 (2005).  "We agree with [six

27  other circuit courts of appeal] and hold that Heck applies to pending criminal charges, and

28  that a claim, that if successful, would necessarily imply the invalidity of a conviction in a

1    pending criminal prosecution, does not accrue so long as the potential for a conviction in the

2    pending criminal prosecution continues to exist." <u>Id.</u> at 1014.   Thus, to the extent that

3    Plaintiff is raising claims that the charges against him are unfounded, such claims are barred

4    by <u>Heck</u>. **V.   Motion for Evidentiary Hearing**

5         Plaintiff has also filed a Motion for Evidentiary Hearing (Doc. #6) and Attachments

6    (Doc. #7). Each Attachment is a separate motion to admit Exhibits A through J, which do

7    not appear to be attached.  It is unclear what the purpose of this motion is.  However, because

8    the First Amended Complaint will be dismissed, the Court will deny the motion without

9    prejudice.

10   **VI.   Leave to Amend**

11        For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

12   failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

13   submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of

14   Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

15   If Plaintiff fails to use the court-approved form, the Court may strike the second amended

16   complaint and dismiss this action without further notice to Plaintiff.

17        Plaintiff must clearly designate on the face of the document that it is the "Second

18   Amended Complaint."  The second amended complaint must be retyped or rewritten in its

19   entirety on the court-approved form and may not incorporate any part of the original or First

20   Amended Complaints by reference. **Plaintiff may include only one claim per count.**

21        A second amended complaint supersedes the original and first amended complaints.

22   <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard</u>

23   <u>Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat

24   an original and first amended complaints as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any

25   cause of action that was raised in the original or first amended complaint is waived if it is not

26   raised in a second amended complaint.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.

27   1987).

28

The Court notes that Plaintiff asserts in the First Amended Complaint that he has filed three actions in the United States District Court, Northern District of Texas.   On the complaint form, for each lawsuit, Plaintiff states that the disposition of the case is "NA." This is not an acceptable response. Plaintiff must provide the information requested on the form.

**VII.   Warnings**

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

2   under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3       **E.   Possible Dismissal**

4       If Plaintiff fails to timely comply with every provision of this Order, including these

5   warnings, the Court may dismiss this action without further notice.  See <u>Ferdik</u>, 963 F.2d at

6   1260-61 (a district court may dismiss an action for failure to comply with any order of the

7   Court).

8   **IT IS ORDERED:**

9       (1)   The First Amended Complaint (Doc. #5) is **dismissed** for failure to state a

10  claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended

11  complaint in compliance with this Order.

12      (2)   If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

13  of Court must, without further notice, enter a judgment of dismissal of this action with

14  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

15      (3)   Plaintiff's Motion for Evidentiary Hearing (Doc. #6) is **denied** without

16  prejudice.

17      (4)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

18  rights complaint by a prisoner.

19      DATED this 27th day of December, 2006.

20

21

22

23  _____

24              Stephen M. McNamee
                United States District Judge

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. General Information About the Civil Rights Complaint Form:

A. <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)/Respondent(s)
>
>
> _____
>  (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.   <u>Exhibits</u>.   You should not submit exhibits with the complaint.   Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

2

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

      1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

      2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

      3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

      1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

      2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

      3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

      You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

      You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)                                        )
               Plaintiff,               )
                            )
        vs.                        )   **CASE NO.** _____
                            )   (To be supplied by the Clerk)
_____, )
_____, )
_____, )   **CIVIL RIGHTS COMPLAINT**
_____, )   **BY A PRISONER**
_____, )
(Full Name of Each Defendant)                         )   ☐ Original Complaint
        Defendant(s).             )   ☐ First Amended Complaint
_____)   ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:

        a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

        b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

        c.   ☐ Other: (Please specify.) _____.

2.    Name of Plaintiff: _____.

     Present mailing address: _____.

              **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    <span style="text-align:center">(Position and Title)</span>                (Institution)

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                        (Institution)

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                        (Institution)

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                        (Institution)

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

a.   Parties to previous lawsuit:
Plaintiff: _____.
Defendants: _____
_____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

c.   Case or docket number: _____.

d.   Claims raised: _____
_____
_____.

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

f.   Approximate date lawsuit was filed: _____.

g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.     The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.     Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
       in a different count)      ☐ Mail       ☐ Access to the court       ☐ Medical care
       ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
       ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.     **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.     **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.     **Administrative Remedies:**
       a.     Are there any administrative remedies (grievance procedures or administrative appeals) available at
              your institution?                                              ☐ Yes   ☐ No
       b.     Did you submit a request for administrative relief on Count I?   ☐ Yes   ☐ No
       c.     Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
       d.     If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
              why you did not. _____
              _____.

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)    ☐ Mail    ☐ Access to the court    ☐ Medical care ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.    **Administrative Remedies:**

    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No

    b.    Did you submit a request for administrative relief on Count II?     ☐ Yes    ☐ No

    c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No

    d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

_____ .

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____ .

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail          ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion        ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____ .

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                    ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count III?        ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

### D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.