**WO**  SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lee McCuin, | ) No. CV 06-2663-SMM (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Maricopa County, et al., | ) |
| Defendants. | ) |

Plaintiff Richard Lee McCuin, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint and his First Amended Complaint were dismissed for failure to state a claim (Doc. ## 3, 8). Plaintiff was given 30 days to file a Second Amended Complaint. On January 19, 2007, Plaintiff filed a Second Amended Complaint. The Court will order Defendants Arpaio and Maricopa County to answer Count II and will dismiss the remaining claims and Defendant without prejudice.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**TERMPSREF**

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1), (2).

3  **II.     Second Amended Complaint**

4  Plaintiff names Maricopa County, Sheriff Joseph Arpaio, and Defendant Detective
5  Mark Gurule as Defendants.  The Second Amended Complaint contains three counts.  In
6  Count I, Plaintiff alleges a violation of his Fourteenth Amendment rights because Maricopa
7  County allows widespread abuses and wrongdoing.  In Count II, Plaintiff alleges that his
8  constitutional rights have been violated by the policy of Defendant Arpaio to allow the
9  sheriff's office and its agents to illegally open Plaintiff's legal mail outside his presence on
10 three occasions.  In Count III, Plaintiff alleges retaliation by Defendant Gurule after
11 Defendant Gurule provided false information to a court to induce Plaintiff's incarceration and
12 Plaintiff complained to the court about the alleged perjury.

13 Plaintiff seeks injunctive relief and damages.

14 **III.    Failure to State a Claim**

15 **A.      Count I**

16 In Count I, Plaintiff alleges that Maricopa County allows widespread abuses and
17 wrongdoing of which Defendant, a supervisory official, has been apprised through the
18 grievance system.  Plaintiff does not state the nature of the widespread abuses or
19 wrongdoing. Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S.
20 519 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.
21 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v.
22 Robinson, 612 F.2d 766, 772 (3d Cir. 1979).  Further, a liberal interpretation of a civil rights
23 complaint may not supply essential elements of the claim that were not initially pled.  Ivey,
24 673 F.2d at 268.  The allegations in Count I are too vague to state a claim, and the Court will
25 dismiss Count I.

26 **B.      Count III**

27 In Count III, Plaintiff alleges retaliation by Defendant Gurule after Defendant Gurule
28 provided false information to a court to induce Plaintiff's incarceration and Plaintiff

1 complained to the court about the alleged perjury. The alleged retaliation is described as
2 follows: "Gurule committed the act of discrimination a discriminatory racism directed toward
3 the Plaintiff." The Complaint does not state what Defendant Gurule allegedly did that was
4 a discriminatory act. The allegations in Count III are too vague to state a claim, and the
5 Court will dismiss Count III.

### IV. Claims for Which an Answer Will be Required

Liberally construed, the allegations in Count II state a claim against Defendants Maricopa County and Arpaio, and the Court will require them to answer Count II.

### V. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts I and III and Defendant Gurule are **dismissed** without prejudice.

(2) Defendants Maricopa County and Arpaio must answer Count II.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms for Defendants Maricopa County and Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

1       (a)    personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

      (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)    **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)    Defendants Maricopa County and Arpaio must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

///
///
///
///
///
///
///

(11)     This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 29th day of January, 2007.

*Stephen M. McNamee*
Stephen M. McNamee
United States District Judge